**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONELL COTTON, | ) | |
| *Individually and Personal* | ) | |
| *Representative for the Estate of* | ) | |
| *Ernest M. Harris,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-417-RLW |
| | ) | |
| LEONARD RHINE, et al, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff Ronell Cotton's Motion to Remand. (ECF No. 17). Plaintiff moves pursuant to 28 U.S.C. § 1447(c) to remand for lack of subject matter jurisdiction. (<u>Id.</u>) Defendants oppose the motion, which is ready for disposition.  Also pending before the Court is Defendants Leonard Rhine, Rifat Imdad, M.D., Monica Hasley, Gale Merritt, Jaqueta Seawood, Felicia Fisher, Martha Dieteman, Brandy Crowder, Jennifer Neisler, and Eunice Gibson's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (ECF No. 13). For the reasons that follow, the Court grants Plaintiff's Motion to Remand and leaves pending Defendants' Motion to Dismiss for resolution by the state court following remand.

### *I. Background*

This wrongful death action was initially filed in the Circuit Court of St. Louis County on December 23, 2022. (ECF No. 5).  The state court petition ("Complaint") alleges that while under the care of Missouri Veterans Home-St. Louis ("MVH"), Ernest M. Harris, who was 78 years old at the time, developed decubitus ulcers on his lower buttocks and heels.  (<u>Id.</u> at ¶¶ 42-47). On December 28, 2020, approximately six months after Mr. Harris was diagnosed with sepsis and an infected right heel ulcer, he died. (<u>Id.</u> at ¶¶ 48-51).

Plaintiff is Mr. Harris's son.  He brings this action, individually and as the personal representative of the Estate of Ernest M. Harris, for wrongful death against the following defendants, all of whom are alleged to be employed by MVH: Leonard Rhine, Administrator; Riffat Imdad, M.D., attending physician and Medical Director; Monica Hasley, Director of Nursing; Gale Merritt, Memory Care Unit Manager (collectively referred to as the "Facility Management Defendants"); Jaqueta Seawood, L.P.N., Felicia Fisher, L.P.N., Martha Dieteman, L.P.N., Brandy Crowder, L.P.N., Johnny Kirkman, L.P.N., Jennifer Neisler, R.N., and Eunice Gibson, R.N. (collectively referred to as the "Nursing Defendants").  Plaintiff also names five Jane Doe defendants.

Plaintiff's Complaint asserts four counts against the Defendants under Missouri state law. Count I is a wrongful death claim against the Facility Management Defendants based on medical negligence. (Id. at ¶¶ 56-61). Plaintiff alleges the Facility Management Defendants breached their ministerial duties under federal Veterans Administration ("VA") regulations, applicable state regulations, and common law duties of care. (Id.) Count II is a wrongful death claim against the Nursing Defendants based on medical negligence. (Id. at ¶¶ 62-67). Plaintiff alleges the Nursing Defendants breached their ministerial duties under unspecified federal regulations, applicable state regulations, and common law duties of care.[1] (Id.) Count III is a wrongful death claim against Defendant Imdad only.  (Id. at ¶¶ 68-73). Plaintiff alleges Defendant Imdad breached his ministerial duties under common law duties of care. (Id.) Finally, Count IV alleges an alternative lost chance of recovery and/or a survival claim against all Defendants. (Id. at ¶¶ 74-79).

Defendant Rhine, with the consent of the other named Defendants, removed the case to this Court based federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Although all the claims in

---

[1] In Count II, Plaintiff generally references, among other things, "ministerial duties established by Federal and Missouri rules, policies and procedures," and "duties mandated by Federal, State and/or Missouri Veteran Commission policies, procedures, directives and regulations." (Id. at ¶¶ 64-65).

this suit are state law claims, the Defendants assert Counts I and II place substantial federal issues in dispute, based on the fact that Defendants are alleged to have breached their duties under VA regulations.  Plaintiff moves to remand arguing that this Court lacks subject matter jurisdiction.

## II. Legal Standard

A party may remove a claim from state to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a); Cagle v. NHC Healthcare-Maryland Heights, LLC, 78 F.4th 1061, 1065 (8th Cir. 2023). When removal is based on federal question jurisdiction, the claim must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1). Whether a claim "arises under" federal law is governed by the contents of a well-pleaded complaint. Great Lakes Gas Transmission L.P. v. Essar Steel Minn. LLC, 843 F.3d 325, 329 (8th Cir. 2016).

A well-pleaded complaint most often "arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013).  However, there exists a "'special and small category' of cases in which arising under jurisdiction still lies," although no federal claim is being asserted on the face of the pleading. Id. at 258.  In the absence of an asserted federal claim, the Court must determine whether a state law claim necessarily raises a federal issue. But the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1985). For federal jurisdiction to apply, the federal issue must be "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009)  A state law claim may invoke federal question jurisdiction if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

Congress." <u>Gunn</u>, 568 U.S. at 259; <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005).  <u>See</u> <u>also</u> <u>Minnesota by Ellison v. Am. Petroleum Inst.</u>, 63 F.4th 703, 711 (8th Cir. 2023) (referring to the four-factor test as the "<u>Grable</u> doctrine").  A state cause of action that contains a federal issue but fails on any of the four elements does not "arise under" federal law for purposes of invoking federal question jurisdiction. <u>Gunn</u>, 568 U.S. at 259.

Here, the Defendants, as the parties asserting this Court has jurisdiction over this dispute, bear the burden of establishing federal jurisdiction. <u>Hatridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969).

### III. Discussion

All of Plaintiff's claims are based in state law.  Nonetheless, Defendants contend federal question jurisdiction exists in this case because "the determination of whether Defendants violated the Federal VA regulations is a 'substantial federal issue,' [because] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (ECF No. 1 at 3) (citing <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.</u>, 463 U.S. 1, 27-28 (1983)). The Court will address each of the four elements of the <u>Grable</u> doctrine with regard to Plaintiff's claims in Counts I and II, as they are the only claims that reference federal regulations.

### A.      No Federal Issue Is Necessarily Raised.

Defendants contend a federal issue is necessarily raised in this case because resolution of Plaintiff's claims in Counts I and II depend on whether Defendants breached their ministerial duties under federal VA regulations. (ECF No. 20 at 3). A federal issue is "necessarily raised" when an element of a state cause of action can only be resolved by answering a federal issue. <u>Central Iowa Power Co-op.</u>, 561 F.3d at 913 (holding that no federal issue is necessarily raised when interpretation of a federal issue is not necessary for plaintiff to succeed in proving its state law

claims). Plaintiff argues no federal issue is necessarily raised because Defendants' breach may be established using federal regulations, state standards, <u>or</u> common law. (ECF No. 22 at 2).

The Eighth Circuit's decision in <u>Moore v. Kansas City Public Schools</u>, 828 F.3d 687 (8th Cir. 2016), is instructive on this issue. In <u>Moore</u>, the plaintiff filed a petition in state court, on behalf of her daughter against Kansas City Public Schools and other defendants, asserting premises liability and negligent supervision. <u>Id.</u> at 690. In alleging the school district breached its ministerial duties, the plaintiff referenced Missouri common law. <u>Id.</u> at 691. But because her daughter required an individualized education program ("IEP") under federal law, the plaintiff also referenced the Individuals with Disabilities Act ("IDEA"). <u>Id.</u>; 20 U.S.C. § 1414. The defendants removed the action to federal court on the basis of federal question jurisdiction. <u>Moore</u>, 828 F.3d at 691. They argued plaintiff's state law claims raised a substantial federal issue because the state court petition referenced "alleged violations of the IDEA." <u>Id.</u> at 692. The district court denied the plaintiff's motion to remand and dismissed the suit for failure to exhaust administrative remedies. <u>Id.</u> at 689.

On appeal, the Eighth Circuit reversed and found that despite plaintiff's reference to her daughter's IEP, the claims did not necessarily raise a federal issue because "the state law claims do not rely on the IDEA or the rights it creates and protects." <u>Id.</u>  Instead, "the petition's theories of liability arise out of Missouri statutory and common law, and the disposition of claims for premises liability and negligent supervision is not dependent on resolution of a substantial question of federal law." <u>Id.</u> (cleaned up).

In this case, Plaintiff's claims also are not "dependent on resolution of a substantial question of federal law." <u>Id.</u> In arguing that Plaintiff's claims necessarily raise a federal issue, Defendants ignore the possibility that Plaintiff may establish the elements of negligence without proving a violation of federal regulations. <u>See</u> <u>Connolly v. Union Pac. R.R. Co.</u>, 453 F. Supp. 2d 1104 (E.D. Mo. 2006) (holding that merely referencing federal authorities as one standard upon which to

measure negligence does not confer federal question jurisdiction); <u>Johnson v. Precision Airmotive</u>, No. 4:07-CV-1695, 2007 WL 4289656, at *3 (E.D. Mo. Dec. 4, 2007) (finding that any violation of federal aviation standards "serves only as some evidence to support [plaintiff's] state law claims").

In support of their position that a federal issue is necessarily raised in this case, Defendants cite to <u>Wullschleger v. Royal Canin U.S.A., Inc.</u>, 953 F.3d 519, 522 (8th Cir. 2020), in which the Eighth Circuit found the plaintiffs' state law claims were properly removed on the basis of federal question jurisdiction. In <u>Wullschleger</u>, the plaintiffs alleged "violations of the Missouri Merchandising Practices Act (MMPA), Missouri antitrust laws, and Missouri unjust enrichment law." <u>Id.</u> at 520. In their complaint, the plaintiffs relied on federal law to support their claims. In the prayer for relief, the plaintiffs asked the court to declare that the defendants had violated federal law. <u>Id.</u> at 522. The district court granted the plaintiffs' motion to remand, finding it lacked subject-matter jurisdiction. <u>Id.</u> at 520. On appeal, the Eighth Circuit reversed and found removal proper because even though the "resolution of the MMPA claims might not depend on federal law," the non-MMPA claims were premised on "violations and interpretations of federal law" that "[could not] be adjudicated without reliance on and explication of federal law." <u>Id.</u> at 521–22. Moreover, the relief sought by the plaintiffs "necessarily require[d] the interpretation and application of federal law." <u>Id.</u> at 522.

The same cannot be said here. Plaintiff's claims are not dependent on federal law. Plaintiff may prove Defendants breached their ministerial duties by relying on applicable state rules and regulations – such as Missouri's Veterans Commission Rules – or by using Missouri common law. (ECF No. 5 at ¶¶ 59 and 64-65). Furthermore, unlike the complaint in <u>Wullschleger</u>, Plaintiff's prayer for relief does not invoke federal jurisdiction. Plaintiff is seeking monetary damages, not declaratory relief based on federal law. (ECF No. 5 at ¶¶ 54-55). Because Plaintiff need not rely on

the VA regulations and may rely on other standards to establish his claims for wrongful death, the

Court finds a federal issue is not necessarily raised. Wullschleger, 953 F.3d at 521.

### B.      No Federal Issue Is "Actually Disputed."

Defendants further contend there is a federal issue that is "actually disputed," because

whether Defendants breached their ministerial duties under VA regulations is in dispute. (ECF No.

20 at 5).   Plaintiff argues no federal issue is "actually disputed" because no interpretation is

required to understand the meaning of the regulations' terms, like "proper hydration" or

"supervised by a primary care physician." (ECF No. 22 at 3).

A federal issue is "actually disputed" when the parties disagree on the interpretation or

construction of a federal statute or regulation. Grable, 545 U.S. at 316.   The Court concurs with

Plaintiff and finds Defendants fail to meet their burden with regard to the second element.

Defendants do not argue that the Court will be called upon to interpret the meaning of a federal

law, and more specifically VA regulations.   It does not appear that there are federal legal issues in

dispute, as Defendants point to no question of federal law that must be decided for resolution of this

case.   Undoubtedly, there will disputes of fact as to whether Defendants failed to follow VA

regulations, but there is nothing in the record to indicate the "validity, construction, or effect" of the

VA regulations is in dispute. Grable, 545 U.S. at 312 (quoting Shulthis v. McDougal, 225 U.S. 561,

570 (1912)).

### C.      No Substantial Federal Issue Is Present.

Defendants argue there are substantial federal issues in this case because medical

professionals employed in veterans' hospitals must follow local, state, and federal rules. Therefore,

according to Defendants, federal regulations are necessarily a part of Defendants' jobs, which

"put[ ] them in the 'special and small category' of cases where Plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law." (ECF No. 20 at 6) (quoting Grable, 545 U.S. at 313).

The substantiality prong of the Grable test requires far more. To satisfy the substantiality requirement, it is "not enough that the federal issue be significant to the particular parties in the immediate suit," rather the federal issue must be "important to the federal system as a whole." Gunn, 568 U.S. at 260. State law claims are sufficiently substantial when they present "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [ ] cases." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699-700 (2006) (citing Grable, 545 U.S. at 313).

MVH, Defendants' alleged employer, is a nursing home facility established by the Missouri Veterans Commission. (ECF No. 5 at 7). Like hundreds of other entities, MVH is subject to local, state, and federal regulations. (ECF No. 20 at 6).  Defendants contend that merely being subject to "all three levels of governmental rules" makes MVH employees different than "regular medical personnel at a private hospital," who may be subject to fewer "levels" of regulation. Id.  The Court does not agree.

"Countless individuals work in occupations, or for employers, [that are] subject to federal regulation."  Martinson v. Mahube-Otwa Cmty. Action P'ship, 371 F. Supp. 3d 568 (D. Minn. 2019).  To name a few, teachers, truck drivers, meatpackers, miners, stockbrokers, fishermen, pilots, doctors, and nurses are all subject to federal regulations.  "If an asserted violation of [federal] regulations was sufficient to confer subject-matter jurisdiction, then it would seem many other categories of regulations and statutes governing all manner of commercial activities might suffice." Id. (holding alleged violations of federal Head Start regulations, which formed the basis of a state whistleblowing claim, did not create a substantial federal issue to confer federal question jurisdiction).  See also Lewis v. Phoenix Am. Adm'rs, Inc., No. CIV 10-2582 RHK JJK, 2011 WL

221308, at *1 (D. Minn. Jan. 21, 2011) (finding no federal jurisdiction based on alleged violation of federal regulations that merely set forth requirements or procedures governing the regulated entities, and there was no private right of action).

The Court finds that the application of VA regulations to Plaintiff's wrongful death claims is only "significant to the particular parties in the immediate suit," and not to the "federal system as a whole." Gunn, 568 U.S. at 260.  As Plaintiff correctly argues, substantiality requires something more than the fact that Defendants must follow federal rules and regulations. (ECF No. 22 at 4). The question of substantiality hinges on whether "the outcome [will] change the 'the real world' result for future cases or future litigants." (Id.) (quoting Gunn, 568 U.S. at 260–61). Defendants fail to demonstrate that the outcome of this case will have broad federal implications for future litigants or the federal government.  The substantiality requirement is not met in this case.

### D.    Federal Issue Is Not Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance.

Finally, the Court will the address the balance of power between federal and state courts. As courts of general jurisdiction, state courts are empowered to hear all claims, including federal causes of action. In contrast, federal courts have limited jurisdiction and may only hear claims authorized by federal statutes or the United States Constitution.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). When a state law claim embedded with a federal issue is removed to federal court, "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Merrell Dow Pharms. Inc., 478 U.S. at 810.  Defendants assert that the balance between federal and state courts will not be disrupted if this case were heard in federal court, because the federal government has an interest in "dealing with government hospitals such as MVH." (ECF No. 20 at 9).

MVH was established by the Missouri Veterans Commission, and one might argue the State of Missouri has a greater interest because it is a state-run facility subject to numerous state

regulations.  That said, the federal government's interest in "dealing with" the entities it oversees is not controlling on the question of whether a federal court's adjudication of a state law claim would disrupt the federal-state balance.  For example, the Supreme Court held there was no substantial federal issue in a case involving a claim for reimbursement under a medical plan for federal employees, despite the federal government's "important interests in attracting able workers and ensuring their health and welfare."  Empire Healthchoice Assur., Inc., 547 U.S. at 701.  The proper consideration is whether "exercising federal jurisdiction over state claims resting on federal [regulations] … would herald[] a potentially enormous shift of traditionally state cases into federal courts" or flout Congress's intent. Grable, 545 U.S. at 319.

As Plaintiff points out, Congress did not create a federal remedy or a private right of action for alleged violations of the VA regulations at issue in this dispute.  Furthermore, neither party has argued federal law preempts state law causes of action with respect to the delivery of health care to veterans in state-run facilities.  In light of this, the Court finds adjudicating Plaintiff's claims in federal court would disrupt the "normal currents of litigation" by inviting state law claims that merely reference federal regulations into federal court. Id.  See also Merrell Dow Pharms. Inc., 478 U.S. at 814 ("given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.").

### IV. Conclusion

Defendants have not established that the Court has federal question subject matter jurisdiction over this cause of action.  Plaintiff is bringing state law claims only, and Defendants have not shown this case falls under four-factor test outlined in Grable, 545 U.S. at 312.  Therefore, the Court grants Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction.  Because subject matter jurisdiction is lacking in this case, the Court does not have the authority to rule on

Defendants' Motion to Dismiss, which the Court leaves pending for resolution by the state court. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction is **GRANTED**. (ECF No. 17).

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for St. Louis County, State of Missouri, from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss remain pending for resolution by the state court following remand.

The Court will issue a separate Order of Remand.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this   18th    day of December, 2023.